UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDRE A. SHANTAY-SAMO-NE
EDWARDS,

|  |  |
|---|---|
| Plaintiff, | Case No. 1:24-cv-12786 |
| v. | Honorable Thomas L. Ludington<br>United States District Judge |
| KAUR, et al., |  |
| Defendants. | Honorable Patricia T. Morris<br>United States Magistrate Judge |

_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On December 16, 2025, Magistrate Judge Morris issued a report (R&R) recommending that this Court deny Defendant Brandon Price's Motion for Summary Judgment. Neither party objected to Judge Morris's R&R, which contains no clear error. So, Judge Morris's R&R will be adopted, and Defendants' Motion for Summary Judgment will be denied.

**I.**

The underlying action is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Andre Shantay-Samo-Ne Edwards alleges that Defendants violated her Fourth and Eighth Amendment rights when they conducted a cavity search of her private parts. ECF No. 1 at PageID.4.

Plaintiff alleges that, on November 10, 2023, "Defendants forced [her] to submit to multiple cavity search[es]." *Id.* at PageID.5–7.  She further alleges that all three cavity searches were done in the absence of reasonable suspicion and out of a desire to "'maliciously and sadistically cause harm'" rather than out of a specific security concern. *Id.* at PageID.5.  Plaintiff

says that "there was nothing going on nor was there a tip attesting to some facts which could have justifiably triggered a search" of her privates for contraband. *Id.* As such, the searches violated Michigan Department of Corrections (MDOC) Policy Directive (PD) 04.04.110—which provides guidelines for cavity searches—and violated Plaintiff's constitutional rights. *Id.* Plaintiff explains that Price is a sergeant at the relevant facility and that "[h]e is legally responsible for asking for and implementing the request that [she] submit to multiple unreasonable cavity searches." *Id.* at PageID.7.

As for the other two Defendants, Plaintiff alleges, "Nurse Lloyd and Doctor Kaur commenced fulfilling Sgt Price[']s orders by giving [her] the following orders: (1) step behind the curtain and undress from the waist down and (2) finally, after doing so to lie down on the table, and open [her] legs wide." *Id.*

After Plaintiff complied, Kaur performed the first digital cavity search of Plaintiff's vagina, which lasted "[f]or many minutes." *Id.* Upon removing her fingers and declaring she did not find anything, Lloyd directed Kaur to "'[l]ook again!'" *Id.* Kaur used a speculum for the second cavity search of Plaintiff's privates, which also took "many minutes." *Id.* Despite again finding nothing, Kaur went on to perform a third cavity search of Plaintiff's privates, which again lasted "many minutes" and did not lead to the discovery of any contraband. *Id.* at PageID.14.

Plaintiff alleges she exhausted her administrative remedies by filing a grievance on this issue. *Id.* at PageID.10, 14. The grievance was removed from the standard three-step process and instead was considered under MDOC's guidelines implementing the Prison Rape Elimination Act (PREA). *Id.* Plaintiff further notes that "MDOC eliminated the administrative grievance procedure for addressing prisoner grievances regarding sexual abuse." *Id.* at PageID.11.

## II.

On November 20, 2024, the Court referred this case and all matters to Magistrate Judge Morris. ECF No. 7. On May 1, 2025, Defendant Price filed a Motion for Summary Judgment alleging that Plaintiff had not exhausted her claims against him under MDOC PD 03.02.130 or MDOC PD 03.03.140. *See* ECF No. 21 at PageID.123–29.

On December 16, 2025, Judge Morris issued an R&R correctly concluding that (1) MDOC PD 03.03.140 governed the case, not MDOC PD 03.02.130, (2) that the "plain language of MDOC's policy supports the conclusion that there is no administrative grievance procedure available to prisoners who raise issues regarding sexual abuse," and (3) given the fact that there was a PREA investigation into Plaintiff's claims, "the record shows that Plaintiff did what she needed to do to alert MDOC to her claims regarding sexual abuse." ECF No. 49 at PageID.390. Therefore, Plaintiff has exhausted her administrative remedies, and Defendant Price's Motion for Summary Judgment must be denied. *Id.* at PageID.391.

## III.

Judge Morris provided the Parties 14 days to object to the R&R, ECF No. 49 at PageID.391–92, but the Parties did not do so. Thus, they have forfeited their right to appeal Judge Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). There is no clear error in Judge Morris' R&R. So the R&R, ECF No. 49, will be adopted, and Defendant Price's Motion for Summary Judgment, ECF No. 21, is denied.

## IV.

Accordingly, it is **ORDERED** that Magistrate Judge Patricia T. Morris' Report and Recommendation, ECF No. 49, is **ADOPTED.**

- 3 -

Further, it is **ORDERED** that Defendant Price's Motion for Summary Judgment, ECF No. 21, is **DENIED.**

**This is not a final order and does not close this case.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge for
Thomas L. Ludington
United States District Court

Dated: March 2, 2026