**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ANDRE A. SHANTAY-SAMO-NE
EDWARDS,

        *Plaintiff,*

v.

KAUR, LLOYD, and BRANDON
PRICE,

        *Defendants.*

_____/

Case No. 1:24-cv-12786

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF
COUNSEL (ECF No. 41), CONDITIONALLY APPOINTING COUNSEL,
AND STAYING CASE FOR 45 DAYS**

This is a prisoner civil rights case under 42 U.S.C. § 1983. In broad terms, Plaintiff, proceeding *pro se*, is suing prison officials who allegedly strip searched her and then conducted three cavity searches of her vagina absent reasonable suspicion. (ECF No. 1). She brings claims under the Fourth and Eighth Amendments. (*Id.* at PageID.4).

The Honorable Stephen J. Murphy, III, recently entered an order adopting the Undersigned's recommendation that Defendant Brandon Price's motion for summary judgment on the basis of exhaustion be denied. (ECF No. 51). While Price's motion (ECF No. 21) was pending, Plaintiff filed two motions: (1) a motion for the appointment of counsel (ECF No. 41) and (2) an untitled motion regarding

1

MDOC's failure to protect her (ECF No. 50). This order will grant the first motion but consideration of the second motion will be deferred until after the issue of appointment of counsel has been resolved.

In her motion for the appointment of counsel, Plaintiff says that she cannot afford counsel; the issues in this case are complex; she is illiterate, had "a severely limited education," and has an eighth-grade reading level; has been unable to secure pro bono counsel on her own; and has no understanding of federal litigation. (ECF No. 41, PageID.328). She makes the same or similar statements in a sworn affidavit attached as an exhibit to the motion. (*Id.* at PageID.334–35).

Plaintiff's filings to date have been primarily handwritten and difficult to understand. While Plaintiff appears to be trying her best to convey her arguments to the Court, there is reason to be concerned whether this case can be decided solely on the merits absent the appointment of counsel. Based on these circumstances, the Court finds that Plaintiff has presented exceptional circumstances warranting the appointment of counsel. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Therefore, Plaintiff's motion (ECF No. 41) is **GRANTED**.

This case is hereby **REFERRED** to the Court's pro bono program where the usual efforts must be made to obtain counsel for Plaintiff. Further, this case is **STAYED** for **forty-five (45) days from entry of this order**. If pro bono counsel is not obtained by this date, the stay will be lifted, and Plaintiff must continue to

proceed *pro se*.

**IT IS SO ORDERED.**

Date: March 3, 2026

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

3